IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CR-04-85-M |
| ) | |
| PAUL LEVY, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Pending before the Court is Defendant's Motion to Amend Judgment ("Motion to Amend"). The Motion has been fully briefed and is now ripe for determination. For the reasons that follow, the Motion will be granted.

I.   Background

On June 22, 2004, Defendant pled guilty to a one-count information charging him with making a false statement to a bank in violation of 18 U.S.C. § 1014. On February 28, 2005, Defendant was sentenced to a term of imprisonment of one year and one day to be followed by a three-year term of supervised release. Defendant was ordered to pay $183,006.06 in restitution – an amount he stipulated to in his Plea Agreement – to First State Bank ("FSB").[1]

On March 9, 2005, Defendant filed his Motion to Amend, through which he urges the Court to amend his Judgment and Commitment Order by substituting his father, Louis Levy, in the place of FSB as the payee on his restitution obligation. As the basis for this request, Defendant represents that on December 21, 2000, First State Operating Company ("FSOC"), which acquired FSB's interest in all of the "bad debt" that forms the basis for Defendant's restitution obligation, sold the

---

[1] The restitution component of the Court's sentence was imposed in accordance with the Presentence Investigation Report ("PSR") prepared by the United States Probation Office ("USPO").

same "bad debt" to Louis Levy, thereby extinguishing any restitution obligation that Defendant may have had to FSB. The government concedes that the "bad debt" transaction occurred, but nevertheless objects to Defendant's Motion on two grounds: first, the government argues that Defendant waived any objection to the restitution component of his sentence to the extent that he failed to object to the identity of the payee earlier; second, the government argues that FSOC, as the "true victim" of Defendant's crime, has not been made "whole" because it was forced to sell the "bad debt" to Defendant's father for a fraction of its actual value. The government submits that if Defendant's sentence is modified at all, FSOC, rather than Louis Levy, should be substituted for FSB as the payee on Defendant's restitution obligation.

II.     <u>Discussion</u>

The Court begins its analysis by noting that Defendant's Motion to Amend does not identify any statute or rule of procedure sufficient to confer jurisdiction on the Court to consider the Motion. The Court, therefore, must independently determine whether, and under what authority, jurisdiction exists.

"A district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so." *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996). Congress has established three sources of authority for sentence modifications: (1) 18 U.S.C. § 3582(c) (authorizing sentence modifications: (a) in limited circumstances upon motion of the Director of the Bureau of Prisons; (b) pursuant to Fed. R. Crim. P. 35; and (c) in the case of a defendant whose sentencing range has subsequently been lowered by the United States Sentencing Commission); (2) Fed. R. Crim. P. 35 (authorizing sentence modifications: (a) to correct "arithmetical, technical, or other clear error," provided that the court order modifying the sentence is issued within seven days of sentencing; or (b) in the case of a

defendant who has provided substantial assistance to the government); and (3) Fed. R. Crim. P. 36 (authorizing sentence modifications to correct "a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission").[2] *Blackwell*, 81 F.3d at 947-48 & n.3.

Neither § 3582(c) nor Rule 35 applies in this case. The Director of the Bureau of Prisons has not filed any motion in this case; Defendant's sentencing range has not subsequently been lowered by the United States Sentencing Commission; and Rule 35 is inapposite because Defendant's Motion was filed nine days after his sentencing and there is no question raised as to substantial assistance. The only remaining source of authority for Defendant's Motion, therefore, is Rule 36.

"Rule 36 gives the court authority to correct clerical-type errors." *Blackwell*, 81 F.3d at 948. It "does not authorize substantive sentence modification." *Id.* at 949. Defendant moves the Court to substitute one payee for another on his restitution obligation. The Court finds that granting this request would not effect a substantive modification of Defendant's sentence. The change, rather, would be in the nature of a clerical modification made to correct an oversight or omission of the parties or the USPO, all of whom neglected to inform the Court of the "bad debt" transaction between FSOC and Louis Levy. Accordingly, the Court finds that it has jurisdiction to consider Defendant's Motion under Fed. R. Crim. P. 36.

Having determined that Rule 36 supplies the jurisdictional authority for consideration of Defendant's Motion, the Court now decides whether the requested relief should be granted. As stated above, there is no dispute that the "bad debt" that forms the basis for Defendant's restitution

---

[2] "A district court also is empowered, of course, to modify a defendant's sentence pursuant to mandate from [the court of appeals]." *Blackwell*, 81 F.3d at 947 n.2.

obligation was first transferred from FSB to FSOC, and then again from FSOC to Louis Levy. Because FSB no longer holds any interest in the "bad debt," the Court finds that FSB should not be designated as the payee on Defendant's restitution obligation. Because FSOC no longer holds any interest in the "bad debt," the Court further finds that FSOC should not be substituted for FSB as the payee on Defendant's restitution obligation. As the sole and undisputed owner of the "bad debt," Louis Levy is the only rightful payee on Defendant's restitution obligation. Neither the parties nor the USPO, whether through inadvertence or otherwise, advised the Court that the "bad debt" transaction occurred. The Court finds that this failure to advise constitutes an "oversight or omission" within the meaning of Rule 36. Had the Court been advised of the transaction at the time of sentencing, the Court would have designated Louis Levy as the payee on Defendant's restitution obligation, and now that the oversight or omission has finally been brought to the Court's attention, the Court will modify Defendant's sentence accordingly.

The government's objections to the proposed sentence modification are without merit. The government's first argument, that Defendant waived any objection as to the identity of the payee on his restitution obligation, flies directly in the face of Rule 36. If a defendant were held to waive any objection related to an omission or oversight – including an omission or oversight of the USPO – that would otherwise justify relief under Rule 36, simply because the defendant neglected to raise the omission or oversight earlier, relief under Rule 36 would effectively be foreclosed in all cases not involving an omission or oversight of the court. Simply put, there would be no oversight or omission to correct if the defendant raised what evolved into the omission or oversight at a more convenient stage of the proceedings.

The government's second argument, that FSOC should be substituted as the payee on Defendant's restitution obligation, is also lacking in substance. The government suggests that FSOC

should be compensated, through Defendant's restitution obligation, because FSOC lost money on the "bad debt" transaction with Louis Levy, and has not, thereby, been made "whole." While FSOC undoubtedly lost money on the transaction,[3] the Court will not question the motivation behind FSOC's decision to enter into the contractual arrangement with Louis Levy, and will not question the terms of the contracting parties' agreement. What matters is that FSOC voluntarily decided to transfer its interest in the "bad debt" to Louis Levy, and that Louis Levy is presently the sole and undisputed owner of that "bad debt." Based on these facts, the Court finds that Louis Levy is the only person entitled to be designated payee on Defendant's restitution obligation.

III.   Conclusion

For all of the above-stated reasons, and pursuant to Fed. R. Crim. P. 36, the Court hereby GRANTS Defendant's Motion to Amend Judgment [docket no. 23]. The Court will enter an Amended Judgment and Commitment Order substituting Louis Levy for FSB as the payee on Defendant's restitution obligation following Defendant's written submission to the Court of Louis Levy's address.

**IT IS SO ORDERED this 20th day of April, 2005.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE

---

[3] The government represents that Defendant's "bad debt" exceeded $1,000,000 in value, but was sold to Louis Levy for the discounted price of $200,000. Resp. to Mot. to Amend at 2.