**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA,           )  | |
|                                                          )  | |
|                    Plaintiff,                       )  | |
|                                                          )  | |
| vs.                                                   )   | Case No. CR-04-85-M |
|                                                          )  | |
| PAUL LEVY,                                     )  | |
|                                                          )  | |
|                    Defendant.                    )  | |

## **ORDER**

Before the Court is defendant's Motion for Termination of Restitution Order [docket no. 29], filed October 20, 2006. On November 7, 2006, the government filed its response, and on April 5, 2007, defendant filed his reply. Based upon the parties' submissions, the Court makes its determination.

Defendant was convicted of making false statements for the purpose of influencing the action of First State Bank in connection with the purchase of an account receivable in the amount of $22,812.35. On June 22, 2004, defendant entered into a plea agreement wherein he stipulated that he owed restitution in the amount of $183,283.99. On February 28, 2005, the Court sentenced defendant to one year and one day in prison and ordered that defendant pay restitution in the amount of $183,006.06 to the Clerk of the Court. On March 2, 2005, the Court entered Judgment, and on March 9, 2005, the Court entered an Amended Judgment to reflect that restitution is to be paid to the owner of the uncollected promissory notes, Louis Levy.[1] Defendant now moves the Court to

---

[1] Louis Levy was the father of defendant, Paul Levy. Louis Levy established a trust to receive and hold the restitution distributions from the Clerk of the Court. He passed away on September 15, 2006, leaving his wife and stepmother of defendant, Phyllis Nadine Levy, as the sole beneficiary of his estate.

terminate his unpaid restitution on the basis of a release and discharge executed by his stepmother in her capacity as successor trustee of the trust formed by Louis Levy.

Defendant asserts that he is not seeking to "undo" the order of restitution, nor is he seeking to be resentenced without restitution. Rather, defendant seeks a court ruling that the victim's heir released the debt and this amounts to an accord and satisfaction.

"A district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so." *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996). Pursuant to 18 U.S.C. § 3664(o):

> A sentence that imposes an order of restitution is a final judgment notwithstanding the fact that--
>
> (1) such a sentence can subsequently be--
>
>   (A) corrected under Rule 35 of the Federal Rules of Criminal Procedure and section 3742 of chapter 235 of this title;
>
>   (B) appealed and modified under section 3742;
>
>   (C) amended under subsection (d)(5); or
>
> (2) the defendant may be resentenced under section 3565 or 3614.

"Rule 35(c) does not permit modification of a sentence based on new information...." *United States v. Bedonie*, 413 F.3d 1126, 1130 (10th Cir. 2005). Section 3742 authorizes only courts of appeal to review the sentence of a defendant sentenced in a district court. *See generally* 18 U.S.C. § 3742. Further, Section 3664(d)(5) prescribes a sixty (60) day time limit for the identification of amounts subject to restitution. *See generally* 18 U.S.C. § 3664(d)(5).

Having reviewed the parties' submissions, the Court finds that it lacks jurisdiction to award defendant the requested relief. The restitution imposed in this case is a final order, and defendant's

request for the termination of restitution does not fit within any statute enabling the Court to review its final judgment concerning restitution.  Specifically, the Court finds that the prescribed statutes, *e.g.*, Rule 35 of the Federal Rules of Criminal Procedure, section 3742 and Section 3664(d)(5), do not apply to the instant case.  Furthermore, defendant concedes that he is not seeking to be resentenced without restitution, and, therefore, neither section 3565 nor 3614 apply to the instant matter.

Accordingly, because the above-referenced statutes do not permit the judgment as to restitution to be corrected, appealed or amended, the Court DENIES the Motion for Termination of Restitution Order.

**IT IS SO ORDERED this 15th day of April, 2009.**

_____
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE